# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JESSE LUCIO, | Case No.: 2:20-cv-01681-KJD-EJY |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| WILLIAM HUTCHINGS; STATE OF NEVADA, | **RE: ECF Nos. 1; 1-1** |
| Defendants. | |

Plaintiff brings this case *pro se* and is seeking to proceed *in forma pauperis*. District courts screen complaints brought by plaintiffs seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e). A complaint should be dismissed for failure to state a claim upon which relief may be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In this case, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is complete; however, the document attached to his *in forma pauperis* application, title "Evidence Hearing Requested Under U.S. Constitutions 14th Amendment Due Process and Equal Protection of Law" with a subtitle of "Petition for Writ of Mandamus/Prohibition" (ECF No. 1-1), fails to state a claim upon which relief may be granted.

Specifically, Plaintiff's filing attaches numerous pages of law and discussion regarding statutory enactment and interpretation, but never identifies a cause of action under 42 U.S.C. § 1983 upon which the Court may act. Other than identifying that Plaintiff previously filed a habeas petition, which was denied by the Nevada Court of Appeals as untimely (ECF No 1-1 at 39-40) leaving Plaintiff with "no other plain speedy adequate remedy other than mandamus/prohibition," Plaintiff does not identify a cause of action the Court may evaluate.

In light of the indecipherable nature of Plaintiff's filing, the Court HEREBY RECOMMENDS that Plaintiff's Evidence Hearing Requested/Petition for Writ (ECF No. 1-1) be DISMISSED with prejudice.

Dated this 5th day of October, 2020

_____
Elayna J. Youchah
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within **14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).